MARTIN, AIKEN et. al. *vs.* MARTIN, PLEASANTS & Co.

A contract must be governed by the law of the place where it is to be performed. This court cannot judicially know the law of a foreign State : that must be proven as a fact to the court.

A note executed in Vicksburg, Mississippi, and payable in New Orleans, Louisiana, with ten per cent. interest, in the absence of all proof of the legal interest of Louisiana, will not be considered usurious.

IN error from the circuit court of Hinds county.

The defendants in error brought an action of assumpsit on the following promissory note, to wit :

"$25,000.                    VICKSBURG, MISS., 1st June, 1835.

" Twelve months after date, we, jointly, and severally, agree to pay Martin, Pleasants & Co., of New Orleans, at their counting room, in said city, the sum of twenty-five thousand dollars—value received—to bear interest from date till paid, at the rate of ten per cent. per annum.

"MARTIN & AIKEN.
"WILLIAM MONTGOMERY.
"SAMUEL BROWN."

Upon the trial it was proved that New Orleans is in the State of Louisiana, and that the counting room of Martin, Pleasants & Co. was in New Orleans. It was also proved that the principal of the note had been paid, after the institution of the suit, leaving the interest unpaid. No proof was introduced of the legal rate of interest in the State of Louisiana. The counsel for the defendants then moved the court to instruct the jury :—

1. " That they could not allow any interest, as the rate of interest specified in the contract is usurious.

2. " That the jury must be satisfied from the evidence, that, by the laws of Louisiana, ten per cent. interest is allowed in such a contract as this sued on ; and, as it had been proven, the principal had been paid, otherwise they must find for the defend-

ants." Which instructions the court refused to give, and the defendants excepted.

After verdict for the plaintiffs, the defendants' counsel moved for a new trial. The motion was overruled, and they again excepted and brought the case to this court by writ of error.

*Robert Hughes*, for defendants in error.

1. The first instruction asked for is not the law according to the terms of the note. The *loci solutionis* was at the counting room of M. P. & Co., in New Orleans, which is proved to be in the State of Louisiana—consequently the law of Louisiana is to govern. See Story's conflict, 241, 248.

2. Neither does the second instruction which is asked for, properly set forth the law. The rule of law is, that, when an agreement provides for the payment of more interest than our law allows, and the agreement is to be performed in another State, the court, until the contrary is proven, will presume that the law of that State has not been violated.

Mr. Justice CLAYTON delivered the opinion of the court.

The first question presented for decision, is, What law is to govern this contract? The answer is, the law of the place, where, by its terms, it is to be performed, which, in this instance, is Louisiana. Story Con. Laws, 233. 2 Kent Com. Lec. 37.

There is nothing in the record to show what is the legal rate of interest in that State; and this court cannot judicially know what the law is there. The law of a foreign State is to be proven as a fact to the court; when it comes in question; and when evidence is given of those laws, the court is to instruct the jury what is the result in point of law, to be applied to the matter in controversy before them. Story Con. Laws, 528. *Church v. Hubbart*, 2 Cr. *Andrews v. Herriott*, 4 Cowen, 515, et. seq. in note. The statute of this State, and the act of congress regulate the mode in which proof of the statutes of our sister States is to be made. H. & H. 483. Ib. 791. Unless they come to us in the prescribed garb, we cannot notice them, when the strict rule, as in this case, is insisted on.

Martin, Áiken et. al. *v.* Martin, Pleasants & Co.

The parties in this cause have fixed the rate of interest, and the place of performance by their contract. We cannot pronounce that contract illegal, without some evidence of its invalidity. The presumption is, that the parties have not violated the law by their contract. That presumption must be acted on until it is rebutted. Were it a case arising under our own law, and to be governed by it, we could apply that law to it, and it would be our duty to do so. But the plaintiffs in error have furnished us with no evidence in the prescribed, or any other form, that the contract is illegal by the laws of Louisiana. The contract must consequently stand good, and the judgment be affirmed.